137096. Mr. Carpenter, you want to reserve five minutes for rebuttal? You're wearing that tie I like, Mr. Carpenter. May it please the court. Kenneth Carpenter, appearing on behalf of Mr. John Cameron. The issue in this case is a question of entitlement to receive and charge a fee. We believe that there are two bases for error below. The first involves whether or not the decision below complied with this court's decision in Stanley. In Stanley, this court held that the statute and regulations concerning attorney fees must be read to allow the retention of paid counsel after a board decision which is final as to a particular issue. There was only one issue in Ms. Golden's cases. That issue was the rate to be assigned her service-connected psychiatric disability. That issue, based upon the undisputed facts in this case and in accordance with this court's decision in Stanley, Mr. Cameron was entitled to the services that he rendered Ms. Golden after the board's 2001 decision. Under the statute, there are two ways to trigger the right to charge a fee. The first is that the attorney and appellant engage in a contract within one year of the board's final decision or in the alternative. The second way is when the appellant takes the case to court and there is representation in court. Let me ask you, though. First, I don't completely understand what's left. There was a remand and yet there was reference in the record to Ms. Golden having withdrawn her appeal as it relates to a request for an earlier effective date, but then there's a remand which says that they're going to look at certain records that predate the effective date. So is she seeking an earlier effective date right now? Well, in this case, because the 2001 board decision was vacated, the initial rating to be assigned, more than decided on effective date flows into that because it's now part of one continuously prosecuted claim. The decision in this case came before the actions that were involved that we were just discussing in which the original 2001 board decision was agreed to be vacated. It was Mr. Cameron's efforts to continue to have that case litigated on the basis that there was legitimate jurisdiction based upon her mental impairment for her late filing of her appeal of the 2001 board decision. So how does it work out? If the government's theory is correct that they were two separate claims, but now they're merged into one, does that mean that Mr. Cameron would get fees if at least it relates to an earlier effective date, or does that mean that because they're merged into one, he gets nothing despite all these efforts? That's a pretty complicated question. Mr. Cameron will only get fees for that period from the time of the original claim to the current effective date for the rating of 100%, which is what resulted in, I believe it was the 2008 decision that is at issue in this case. And that matter is on remand and is yet unresolved. At issue in this case is the 2008 decision and whether or not the, I believe it was $118,000 in past due benefits, is subject to a fee. But your question goes directly to the point that there is and can only be one case because this is a continuously prosecuted claim. There was never a separate case involving Ms. Golden and the VA. It was always about the single issue of what is the appropriate rating for her psychiatric disability. Now had the board acted more quickly, had the VA acted more quickly, I mean they sat on her case forever, but had they acted more quickly in the case, then she at some later point could have filed a new claim to reopen to seek an earlier effective date or an increase in benefits, correct? No ma'am, it would not have been necessary to file a new claim because it would have been part of the continuous claim. Had the board taken, or excuse me, had the court taken jurisdiction of the 2001 board decision and vacated it as they did some decade later, then that would have been part of the ongoing question of what the initial rating would have been, including that point in time, I believe it was from April of 2004 to the 2008 decision. It would have been part of that claim stream, that initial claim stream, because the case would have gone back for consideration, which would have then included that reasonably raised claim from the medical record that was in the claim in the April time period following the January 2001 board decision would have been nullified and the claim stream would have been reopened from the beginning date to the time in which it was finally resolved. But because the court found, I believe it was three different times, that it had no jurisdiction, that that 2001 board decision was never found to be within the jurisdiction that the court did have jurisdiction based upon her late filing. Okay. I think the other alternative issue separate from Stanley as to whether or not this is or is not the same case or the same issue is whether or not the Veterans Court misinterpreted the statute itself. And we believe that this court's recent decision in Cameron addresses that issue succinctly and applies clearly to the facts of this case because in the earlier Cameron case, this court interpreted the statute to apply to services provided after the board's final decision. There is no question that the services provided beginning with the April 2004 reasonably raised claim were undertaken by Mr. Cameron after the 2001 board decision was The Ms. Golden's case should have been, or excuse me, Mr. Cameron's case for fees should have been allowed under the proper interpretation of 5904C1 because the services that he provided after the January 2001 board decision and therefore he qualified for fees. Unless there's further questions from the panel, I'll reserve the balance of my time. Thank you. Okay. Thank you, Your Honor. And may it please the court. I'd like to start by addressing the question that you asked Mr. Carpenter concerning the procedural posture of Ms. Golden's claims right now. Ms. Golden was at one point pursuing two parallel appeals. The first challenged the effective date that was established for her 100% disability rating for the claim that was informally created in April 2001 when she was hospitalized. The second challenged the February 2001 determination of the board that Ms. Golden was not entitled to greater than a 30% disability rating as of that date. Now, once those two appeals went up to the court of veterans' claims, Ms. Golden abandoned the second, actually I just presented it, the first issue, the question of the proper effective date for the 100% disability rating. But she continued to pursue the appeal concerning the board's February 2001 decision and whether 30% was the proper disability rating as of that date. So it would have the same effect, though. I mean, if her argument was I was supposed to get a different effective date and the effective date should have been February as of the first 30% decision, she ends up in the same place, right? Well, not exactly, Your Honor. So the question of the effective date of the claim for increase, there is, because it was a claim for increase and not an original claim, the most that the effective date could have been set back was within one year. With respect to the appeal that's still pending, the board didn't consider a January 2001 hospitalization record, and I believe a medical center record, and one from late 2000. Because of that, the VA and Ms. Golden agreed to remand the case to the board so that they could look at those two pieces of evidence, and Mr. Cameron has filed a petition for easement fees based on that remand for approximately the same amount of money that he's seeking from Ms. Golden's past due benefits from her claim for increased benefits. With respect to that claim, the adjudication of Ms. Golden's claim for increased benefits presented precisely the kind of situation in which Congress did not intend attorney fees to be available. As this court has made clear in Stanley and Carpenter and Jackson, Congress intended by passing the pre-2006 version of Section 5904 to enable veterans to enlist the aid of attorneys in reversing prior adverse board decisions, whether by an appeal to a court or by a collateral challenge such as a clear and unmistakable error motion. In order to prevail on her claim for increased benefits, Ms. Golden didn't need to reverse any prior adverse board decision, and in fact she didn't. To the contrary, in adjudicating her claim for increased, the board said in 2001 that prior to April 2001 it was not possible to say that she was entitled to a higher disability rating, that in fact the board was correct in February 2001 in ruling that 30% was the highest rating available based upon the evidence. Given that the claim for increased benefits was granted only upon a change in facts in the circumstances underlying the claim, not upon any finding of error in the past board decision, the claim doesn't fall into the category of the case in which Congress intended fees to be available. In fairness, she never would have gotten these increases without Mr. Cameron's help, would she? It's impossible to say, Your Honor. As a pragmatic matter, one can say that Congress is wrong to restrict attorney fees. There are many scenarios in which a veteran could benefit from the aid of an attorney making an initial claim, but Congress weighed the benefits and costs of that approach and decided that it didn't want to make fees available when the VA was looking for the first time at a given set of facts. They only wanted them available when the litigation became more complex because it was necessary to overturn a prior board decision. But isn't that really what happened here? The board did make a decision. It wasn't a final decision, but the board had to be persuaded to alter that decision. The board didn't alter that decision. The February 2001 decision determined that as of that date, the highest rating that Ms. Golden was entitled to was 30%. That is still the rule in Ms. Golden's case. The board never even addressed Ms. Golden's 100% disability rating because the R.O. granted it. The R.O. found that after the board's February 2001 decision, Ms. Golden's condition deteriorated as of April 2001 when she was first hospitalized for her depression. It was that changed set of factual circumstances that gave rise to entitlement to a 100% rating, not any factual scenario that was before the board in February 2001. As the case stands right now, the board was right in February 2001 in refusing to award an increased rating. That's a factual finding that the board reaffirmed in 2010. As a result, there was no need even to revisit that board decision in order to adjudicate the rating that was warranted because of the change in Ms. Golden's condition in April 2001. In fact, the VA adjudicated that claim simply on the basis of the letter asserting a claim submitted by Mr. Cameron on behalf of Ms. Golden and the evidence that was before the VA. It was not necessary for Mr. Cameron to present argument concerning any error that had previously occurred. All that happened was the VA assessed the evidence, which was different from what was before the board in February 2001 because there had been a change in the factual nucleus of her claim, a change that resulted from the deterioration in her condition. Mr. Cameron's theory that the two claims are necessarily part of the same case simply because they relate to the same disability has no basis in either the text, the history, or the regulations implementing Section 5904. It also conflicts with this court's findings in Stanley and Jackson. In those cases, the attorney seeking fees argued that a TDIU claim was necessarily encompassed within the same case as a claim for service connection because the two related to the same disability. In both cases, the court said that wasn't the case because the claim for TDIU wasn't raised by the evidence before the board at the time of the final decision upon which the attorney was hinging his right to fees. In fact… But Mr. Carpenter relies on our decision in Cameron. Why doesn't that help him? Cameron doesn't address any of the issues that are disputed in this appeal. Cameron dealt with the extent to which an attorney had provided services after a final board decision. It didn't deal at all with the scope of the case. And in fact, neither did Stanley. Stanley, related to the question of what constitutes finality in a board decision, didn't address the question of when two claims should be considered part of the same case despite the fact that they may not have depended on the same factual nucleus or that one may have required reversal of a board decision and the other not. Furthermore, in Jackson, this court expressly rejected the idea that simply because two claims are related to the same disability, they're part of the same case. As the court said, no doubt the TDIU claim in Stanley was directly related to and stemmed from the veteran service connection claim. Notwithstanding that fact, Mr. Stanley, like Mr. Jackson, was not entitled to attorney's fees. Why was there a six-year time period between the remand from this court and a reinstatement of Ms. Golden's appeal? Why did it take six years? If you're referring to the appeal from the February 2001 board decision, I believe what was happening there was that there was a remand from this court to reconsider the dismissal in light of this court's decision in Barrett, I believe. The veterans court concluded that that decision still did not warrant retaining the case, that dismissal was still appropriate. That decision was appealed again and I believe was held, stayed pending the decision in Henderson. Once the decision was decided by the Supreme Court, the case was remanded back to the veterans court, which decided that as equitable tolling was available, it should be applied to Ms. Golden's claim. I believe that the gap there was based upon the interaction of the new case law that was coming out at the time. You make it sound like there's no real need for lawyers because the board would have looked at the hospitalization and given her the 100% and that would have been the end of it. And yet, but for Mr. Cameron, it doesn't look like the board would have done that. Again, it wasn't actually the board that awarded the 100% rating, it was the VA, the RA. But first, there's no way to know about that but the fact is, as I stated earlier, as a practical matter, it may be the case that veterans with service connection claims don't ever prosecute them because they aren't aware of the way the law works or how to do it. And that a lawyer would be useful to them. But Congress decided that that was not the way that it wanted to balance the right to seize. That there was an interest served in ensuring that a lawyer could not siphon off 20% of a veteran's benefits simply because he submitted what was a fairly straightforward application. And in fact, in this case, what Mr. Cameron did with respect to Ms. Golden's benefits was he wrote a series of nearly identical letters inquiring after the status of the claim. And based upon those services alone, claims entitlement to $36,000 of Ms. Golden's benefits. That, I would submit, is precisely the kind of scenario that Congress was attempting to avoid in which by presenting a fairly straightforward claim, an attorney, in large part because of delays in the VA adjudication process, claims an enormous amount of the veteran's past due benefits. And because that wasn't what Congress intended in passing Section 5904, we respectfully request that the decision of the Veterans Court be affirmed. Thank you. I'd like to correct a misstatement I believe that the government made regarding the 2001 board decision. The government suggested that the 2001 board decision is still the law of this case. And that is simply not correct. The VA below agreed by a motion for joint remand to vacate that decision. So that decision doesn't exist. That issue is back before the board for re-adjudication to determine whether or not the initial rating of 30% was or was not correct as a matter of law based upon the facts. One of the benefits a veteran gets on remand is the ability to submit additional evidence to demonstrate why the original board decision was incorrectly decided as it is now to be decided anew. There will be a new decision. When the government suggests that Congress' intention was to have board decisions corrected for the basis for writing 5901, that is simply an incorrect statement of the intent of Congress. Congress' intent was to create a line of demarcation as to when veterans were eligible to hire counsel. In this case, had Mr. Cameron decided that Ms. Golden did not have a valid basis for her untimely filing, she could have gone back before the agency and filed the claim anew. Had she done that or had there been a finding of jurisdiction originally, then Mr. Cameron would have followed the case back below and identified this pending claim. In either of those two scenarios, the circumstances for the award of benefits would have been on the basis of his services. What is required is services based upon the case. There is only one case here with a single issue, that is the rating to be assigned more than 30%. Okay, I'm sorry. Mr. Kermit, is Ms. Burke correct? I'm sorry. Preceding counsel. The government is not fungible, I'm not saying it is. Is Ms. Thomas correct that Mr. Cameron is seeking $36,000 for a series of nearly identical inquiry letters? That is certainly a way to describe Mr. Cameron's fee application, or excuse me, his entitlement to fee. The other way to look at that is that Mr. Cameron found an independent basis from the appeal that was pending of the board's 2001 decision to proceed back before the agency. That was the point I was just exploring, that counsel has the right, or excuse me, the opportunity on behalf of the veteran or other claimant to continue proceedings back before the agency. There is no mandatory obligation to proceed to an appeal. Mr. Cameron identified a claim that was pending. The VA did, based upon his repeated efforts to get them to adjudicate it, finally did adjudicate it and found that yes, a great deal of time had gone by since the time that that claim arose and the time that they decided it. That's what resulted in the... But you still need a final board decision, correct? Yes, well you need a final board decision or you need representation before the court. Those are the two alternative ways under 5904 under the prior version. Okay, so what is the final board decision that you're pointing to? The board's 2001 decision. The board's 2001 decision was, we now find, timely appealed in retrospect, but it was challenged for being untimely appealed. Mr. Cameron stayed with that case through three appeals to this court and finally got the government to agree that Golden's 2001 board decision appeal was timely. Therefore, all of the services that were rendered after that board decision were part of the same case, whether it was in the proceedings before this court, in challenging the court's dismissal of the 2001 board decision, or in going back before the agency and raising the issue of the pending April 2004 pending claim that was raised by the VA medical record. How did he get around the statement that he made in the mandamus petition that they were two separate claims? Yes, I'm aware of that. The statement that he made at that point was correct because there hadn't been a determination made on Ms. Golden's case. At that time, because Ms. Golden's appeal of the 2001 board decision was still pending and had not been resolved, they were two-pending. That's how he ended up with two appeals at the court, the original appeal of the board's 2001 decision and the appeal of the effective date of the assignment of the 100% rating. That again demonstrates how these are the same claims because when he got back to court, the effective date was nullified because he had a pending claim, because Ms. Golden had a pending claim. But at the time of the mandamus action, they were identifiable as two separate proceedings. I believe that what was being described there was that there were two separate proceedings and the mandamus action was justified in order to move along the separate proceedings. Thank you very much, Your Honor. Thank you. The case will be submitted. Court is adjourned. All rise. The case is submitted.